UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THEODORE TUCKER,<br><br>                            Plaintiff,<br><br>    -against-<br><br>DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>                          Defendants. | 20-CV-9496 (CM)<br><br>ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND PRISONER AUTHORIZATION |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated in the Vernon C. Bain Center, brings this action *pro se*.[1] To proceed with a civil action in this Court, a prisoner must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[2] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

---

[1] Plaintiff filed this complaint with 49 other detainees. *See Lee v. Brann*, No. 20-CV-8407 (GBD) (SDA). On November 9, 2020, Magistrate Judge Stewart D. Aaron severed the claims and directed the Clerk of Court to open separate cases for each plaintiff. (ECF No. 1.)

[2] The $50.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

Plaintiff submitted the complaint without the filing fees or a completed IFP application and prisoner authorization. Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or submit the attached IFP application and prisoner authorization forms. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 20-CV-9496 (CM).[3]

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 30, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[3] Plaintiff is cautioned that if a prisoner files an action that is dismissed as frivolous or for failing to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions *in forma pauperis* as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fee at the time of filing any new action.